# EXHIBIT A

# STATE COURT DOCUMENTS

CSC

null / ALL
Transmittal Number: 34018929
Date Processed: 05/11/2026

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Julie Heine<br>Seyfarth Shaw LLP - Equifax<br>1075 Peachtree St NE<br>Ste 2500<br>Atlanta, GA 30309-3958 |
| **Electronic copy provided to:** | Dana Hantack<br>Jessica Wiles<br>Kristin Zielmanski<br>Jessica Spurlock<br>Legal Department<br>Marteese White<br>Nadia Reynaga-Moreno<br>Janise Jordan<br>Deborah Fataki<br>Mackenzie Cole<br>Laura Ratliff<br>Trent McNeill<br>Luke Donohue<br>Dee Davis<br>Nadia Jenkins-Bey<br>Jill Steinberg<br>Elisa Lyons<br>Mary Stokes |

| | |
|---|---|
| **Entity:** | Equifax Information Services LLC<br>Entity ID Number 0635578 |
| **Entity Served:** | Equifax Information Services, LLC |
| **Title of Action:** | Jennifer Armentrout vs. Coastal Credit Union Foundation |
| **Matter Name/ID:** | Jennifer Armentrout vs. Coastal Credit Union Foundation (19244083) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Horry County Court of Common Pleas, SC |
| **Case/Reference No:** | 2026-CP-26-03434 |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 05/11/2026 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Dave Maxfield, Attorney, LLC<br>803-509-6800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

CD139547831.1c-11

Dave Maxfield
PO Box 11865
Columbia SC 29211

USPS CERTIFIED MAIL

9214 8901 4298 0478 2908 50

0013954783000011
VIA CERTIFIED MAIL
CORPORATION SERVICE COMPANY
100 Coastal Dr., Ste 210
Charleston SC 29492

# See Important Information Enclosed

CD13954783.1.2-11

davemaxfield
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803.509.6800
Toll Free Fax: 855.299.1656
Web: consumerlawsc.com

Mailing Address:
P.O. Box 11865
Columbia, SC 29211

Physical Address:
SOCO 80808 Building
808 D Lady Street
Columbia, SC 29201

*Member, National Association of Consumer Advocates*
*Member, Public Investors Arbitration Bar Association*

May 7, 2026

**VIA CERTIFIED MAIL**
CORPORATION SERVICE COMPANY
100 Coastal Dr., Ste 210
Charleston, SC 29492

RE: Jennifer Armentrout vs. Coastal Credit Union Foundation, Experian Information Solutions, Inc., and Equifax Information Services, LLC
Case No. 2026-CP-26-03434

Dear Mr. Blackwell:

Enclosed herewith and served upon you on behalf of **Equifax Information Services, LLC**, is a filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

CD13954783.1.3-11

ELECTRONICALLY FILED - 2026 May 06 9:20 AM - HORRY - COMMON PLEAS - CASE#2026CP2603434

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| JENNIFER ARMENTROUT<br>Plaintiff,<br>-vs-<br><br>COASTAL CREDIT UNION FOUNDATION; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SERVICES, LLC,<br>Defendants. | Case No.<br><br>**SUMMONS** |

TO: THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at PO Box 11865, Columbia, South Carolina 29211 within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211-1865
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: May 6, 2026

CD13954783.1.4-11

ELECTRONICALLY FILED - 2026 May 06 9:20 AM - HORRY - COMMON PLEAS - CASE#2026CP2603434

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF HORRY | FIFTEENTH JUDICIAL CIRCUIT |
| JENNIFER ARMENTROUT,<br>Plaintiff,<br>v.<br>COASTAL CREDIT UNION FOUNDATION;<br>EXPERIAN INFORMATION SOLUTIONS, INC.; and<br>EQUIFAX INFORMATION SERVICES, LLC,<br>Defendants. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff Jennifer Armentrout, through undersigned counsel, brings this action against Defendants Coastal Credit Union Foundation, Experian Information Solutions, Inc., and Equifax Information Services, LLC, and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., arising from Defendants' furnishing and reporting of false and inaccurate delinquency information on Plaintiff's consumer credit reports during an expressly approved mortgage deferral period.
2. Coastal approved a mortgage payment deferral for Plaintiff in February 2026 and assured Plaintiff on multiple occasions, both verbally and in writing, that no late fees or negative credit reporting would occur during the deferral period. Coastal then reported Plaintiff as delinquent to the major consumer reporting agencies because of its own internal processing error.
3. Coastal later admitted in writing that the delinquency resulted from its internal processing error and confirmed its prior assurances. Even so, Experian refused to correct the inaccurate information after Plaintiff's dispute, and Equifax, while removing the delinquency, introduced a new inaccuracy during its correction process.

CD139547831.5-11

ELECTRONICALLY FILED - 2026 May 06 9:20 AM - HORRY - COMMON PLEAS - CASE#2026CP2603434

4. As a direct and proximate result of Defendants' conduct, Plaintiff suffered a credit score drop of approximately 65 points from a score over 800, risk to federal employment suitability and security-clearance interests, lost employment opportunities, emotional distress, and other actual damages.

**THE PARTIES**

5. Plaintiff Jennifer Armentrout is a natural person residing in Conway, Horry County, South Carolina. She is a consumer as defined by 15 U.S.C. § 1681a(c).
6. Defendant Coastal Credit Union Foundation is a federally chartered credit union with its principal place of business at PO Box 99167, Raleigh, North Carolina 27624. At all relevant times, Coastal was a furnisher of information as defined by and subject to 15 U.S.C. § 1681s-2 and conducted business affecting consumers in South Carolina, including Plaintiff.
7. Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Texas.
8. Equifax Information Services, LLC is a foreign corporation with its principal place of business, "nerve center" and headquarters in the State of Georgia.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and South Carolina law because Defendants transact business in South Carolina and the claims arise from acts and omissions affecting a South Carolina resident.
10. Venue is proper in Horry County because Plaintiff resides in Horry County and a substantial part of the events giving rise to this action occurred in Horry County.

**FACTS**

11. At all relevant times, Plaintiff maintained a residential mortgage loan with Coastal, with a loan balance of approximately $322,946 and a monthly payment of $2,522.
12. On or about February 19, 2026, Coastal approved a three-month payment deferral on Plaintiff's mortgage through its Member Assistance Program and advanced Plaintiff's next contractual due date to June 1, 2026.

CD13954783.1.6-11

ELECTRONICALLY FILED - 2026 May 06 9:20 AM - HORRY - COMMON PLEAS - CASE#2026CP2603434

13. Throughout March 2026, Plaintiff had multiple conversations with Coastal's mortgage servicing team. During those conversations, Coastal's representatives told Plaintiff not to submit payments during the approved deferral period and assured her that no late fees or negative credit reporting would occur during that period.
14. Coastal also confirmed those assurances in writing.
15. Plaintiff is a former bank manager and mortgage lender who now works as a federal contractor. She specifically communicated to Coastal that negative credit reporting could affect her federal employment and security clearance, and Coastal assured her that it would not happen.
16. Despite those assurances and despite the approved deferral, Coastal reported Plaintiff as 30 to 59 days delinquent to Experian, Equifax, and TransUnion, with a past-due balance of $2,522 and a reported date of first delinquency of March 31, 2026.
17. As a direct result of Coastal's inaccurate reporting, Plaintiff's credit score dropped by about 65 points, falling from above 800.
18. On or about April 6, 2026, Coastal acknowledged that the delinquency was caused by "an internal processing error related to the setup of the approved modification."
19. Coastal submitted credit reporting adjustment requests to the major consumer reporting agencies on or about April 6 through April 8, 2026, and then represented to Plaintiff in correspondence dated April 9, 2026, that as of April 8, 2026, credit reporting reflected "Paid as Agreed" across all bureaus.
20. That representation was false and incomplete. TransUnion corrected the account, but Experian and Equifax continued to report inaccurate information even after Coastal's purported correction submissions.
21. On or about April 8, 2026, Plaintiff submitted written disputes to Experian and Equifax regarding the inaccurate delinquency information and included supporting documentation, including Coastal's written admission of error.
22. On April 9, 2026, TransUnion completed its reinvestigation and updated the account to reflect a pay status of "Current; Paid or Paying as Agreed," with the correct last payment date of January 28, 2026. TransUnion corrected the account accurately and is not named as a defendant in this action.
23. On April 14, 2026, Experian notified Plaintiff that its reinvestigation was still in progress.

CD13954783.1.7-11

ELECTRONICALLY FILED - 2026 May 06 9:20 AM - HORRY - COMMON PLEAS - CASE#2026CP2603434

24. On April 15, 2026, Experian notified Plaintiff that it had reviewed the documentation submitted with the dispute but determined it was not sufficient to make the requested changes or deletions, and instead forwarded the documentation to Coastal for further investigation.
25. As of April 13, 2026, Experian continued to report Plaintiff's account as delinquent despite Coastal's written admission of error, and the dispute remained unresolved as of the filing of this action.
26. Equifax removed the delinquency status and updated the account to "Pays As Agreed," but in doing so introduced a new inaccuracy by recording the date of last payment as January 1, 2026, when the correct last payment date was January 28, 2026.
27. Plaintiff held a federal security clearance and was subject to an active federal employment suitability review for a position as Operational Support Specialist in support of the Department of Veterans Affairs, at an hourly rate of $36.00, pursuant to a contingent offer of employment from CLJ Consulting and Contracting LLC dated March 23, 2026.
28. The inaccurate delinquency reporting directly threatened Plaintiff's suitability review and security-clearance interests because financial responsibility is a required component of federal employment suitability determinations.
29. Plaintiff also interviewed for a Federal Proposal Coordinator position with Salas O'Brien, advanced through two rounds of interviews, and was later denied the position. It is unknown whether a financial background check was conducted or whether the inaccurate delinquent reporting adversely influenced that hiring decision.
30. As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual damages, including diminished creditworthiness, emotional distress, anxiety, inconvenience, time spent disputing the inaccurate reporting, and risk to employment and professional opportunities.

**FIRST CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681s-2(b)**

**Against Coastal Credit Union Foundation**

31. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

CD13954783.1.8-11

ELECTRONICALLY FILED - 2026 May 06 9:20 AM - HORRY - COMMON PLEAS - CASE#2026CP2603434

32. Coastal was a furnisher of information within the meaning of 15 U.S.C. § 1681s-2.
33. After receiving notice of Plaintiff's dispute from one or more consumer reporting agencies, Coastal was required to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agency, report the results of the investigation, and modify, delete, or permanently block the reporting of inaccurate information as required by 15 U.S.C. § 1681s-2(b).
34. Coastal violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation, failing to review all relevant information, failing to ensure that inaccurate delinquency information was corrected completely and accurately, and continuing to allow inaccurate information to remain on Plaintiff's credit files after notice of dispute.
35. Coastal's conduct was negligent and, on information and belief, willful, because Coastal had actual knowledge that the delinquency resulted from its own internal processing error yet failed to ensure complete and accurate correction after notice of the dispute.
36. As a direct and proximate result of Coastal's violations, Plaintiff suffered actual damages and is entitled to recover all relief available under 15 U.S.C. §§ 1681n and 1681o.

**SECOND CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681i**

**Against Experian Information Solutions, Inc.**

37. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.
38. Experian is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).
39. After receiving Plaintiff's dispute, Experian was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to delete or modify inaccurate information as required by 15 U.S.C. § 1681i.
40. Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation, failing to properly review the materials submitted by Plaintiff, and continuing to report the account as delinquent despite Coastal's written admission that the delinquency resulted from Coastal's own error.
41. Experian's conduct was negligent and, on information and belief, willful.

CD13954783.1.9-11

ELECTRONICALLY FILED - 2026 May 06 9:20 AM - HORRY - COMMON PLEAS - CASE#2026CP2603434

42. As a direct and proximate result of Experian's violations, Plaintiff suffered actual damages and is entitled to recover all relief available under 15 U.S.C. §§ 1681n and 1681o.

**THIRD CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681i**

**Against Equifax Information Services, LLC**

43. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.
44. Equifax is a consumer reporting agency within the meaning of 15 U.S.C. § 1681a(f).
45. After receiving Plaintiff's dispute, Equifax was required to conduct a reasonable reinvestigation and to delete or modify inaccurate information as required by 15 U.S.C. § 1681i.
46. Equifax violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation and by introducing a new inaccuracy during its correction process, namely an incorrect last payment date of January 1, 2026 instead of January 28, 2026.
47. Equifax's conduct was negligent and, on information and belief, willful.
48. As a direct and proximate result of Equifax's violations, Plaintiff suffered actual damages and is entitled to recover all relief available under 15 U.S.C. §§ 1681n and 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally as allowed by law, and award the following relief:

A. Actual damages in an amount to be determined at trial;

B. Statutory damages as permitted by law;

C. Punitive damages for willful violations of the Fair Credit Reporting Act;

D. Costs of this action and reasonable attorneys' fees as permitted by 15 U.S.C. §§ 1681n and 1681o;

E. Pre-judgment and post-judgment interest as allowed by law; and

F. Such other and further relief as the Court deems just and proper.

CD13954783.1.10-11

ELECTRONICALLY FILED - 2026 May 06 9:20 AM - HORRY - COMMON PLEAS - CASE#2026CP2603434

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

________________________________

Dave Maxfield, Esq., SC Bar No 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: May 6, 2026

CD13954783.1.11-11

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

JENNIFER ARMENTROUT
Plaintiff,

Vs.

COASTAL CREDIT UNION FOUNDATION, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES, LLC,
Defendants.

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

Case No. 2026-CP-26-03434

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that on **May 7, 2026**, I served the foregoing **Summons & Complaint**, by sending a copy of same by United States First Class Mail, Certified Delivery, Return Receipt Requested to the following:

Coastal Credit Union Foundation
Attn: Creighton Blackwell
1000 St. Albans Dr.
Raleigh, NC 27609
*Registered Agent for Coastal Credit Union Foundation*

CT CORPORATION SYSTEM
2 Office Park Court, Ste. 103
Columbia, SC 29223
*(on behalf of Experian Information Solutions, Inc.)*

CORPORATION SERVICE COMPANY
100 Coastal Dr., Ste 210
Charleston, SC 29492
*(on behalf of Equifax Information Services, LLC)*

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
PO Box 11865
Columbia, SC 29211-1865
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

CERTIFIED MAIL™

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
LETTERSTREAM

003 OTGV4P1 29492